UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVA WINES, INC.,<br><br>                Plaintiff,<br><br>  v.<br><br>ADLER FELS WINERY LLC, SAAL BROWN, INC. dba PACIFIC LICENSING, GARY SAAL, TOM KELLY STUDIOS, INC. and DOES 1 THROUGH 10,<br><br>                Defendants.<br>_____/ | No. 06-06149 MHP<br><br>**MEMORANDUM & ORDER**<br>**Re: Defendants' Objections to the Declarations of Robert Holder, Erick C. Howard, William Reading, and Anna Strasberg in Support of Plaintiff's Application for Temporary Restraining Order** |

      Plaintiff applied ex parte in this court for a temporary restraining order and moved for a preliminary injunction. In support of its application and motion, plaintiff filed declarations from Robert Holder, Erick C. Howard, William Reading, and Anna Strasberg. Defendants filed written objections to these declarations. Having considered defendants' objections, the court rules as follows.

I.     <u>Holder Declaration</u>

      Defendants' objections to the sentence beginning "In 1987, Nova entered . . ." in Paragraph 2 of the Holder Declaration are OVERRULED.

      Defendants' objections to the sentence beginning "It is my understanding that Marilyn Monroe, LLC . . ." in Paragraph 2 of the Holder Declaration are SUSTAINED.

      Defendants' objections to the sentence beginning "Nova has had an exclusive license . . ." in Paragraph 2 of the Holder Declaration are SUSTAINED.

Defendants' objections to the sentence beginning "Under the terms of the Monroe Agreement . . ." in Paragraph 2 of the Holder Declaration are SUSTAINED.

Defendants' objections to the sentence beginning "The Monroe Agreement has been renewed . . ." in Paragraph 2 of the Holder Declaration are OVERRULED.

Defendants' objections to the sentence beginning "As the exclusive licensee of the Monroe Estate . . ." in Paragraph 2 of the Holder Declaration is SUSTAINED.

Defendants' objections to the statements in Paragraph 3 of the Holder Declaration are OVERRULED.

Defendants' objections to the statements in Paragraph 4 of the Holder Declaration are OVERRULED.

Defendants' objections to the statements in Paragraph 5 of the Holder Declaration are OVERRULED.

Defendants' objections to the statements in Paragraph 6 of the Holder Declaration are OVERRULED.

Defendants' objections to the statement in Paragraph 8 of the Holder Declaration are SUSTAINED.

Defendants' objections to the statement in Paragraph 9 of the Holder Declaration are OVERRULED.

Defendants' objections to the statements in Paragraph 10 of the Holder Declaration are OVERRULED.

Defendants' objections to the statement in Paragraph 11 of the Holder Declaration are OVERRULED.

Defendants' objections to the statement in Paragraph 12 of the Holder Declaration are OVERRULED.

Defendants' objections to the statements in Paragraph 13 of the Holder Declaration are OVERRULED.

Defendants' objections to the statement in Paragraph 14 of the Holder Declaration are OVERRULED.

Defendants' objections to the statements in Paragraph 15 of the Holder Declaration are OVERRULED.

Defendants' objections to the statements in Paragraph 16 of the Holder Declaration are OVERRULED.

## II. Howard Declaration

Defendants' objections to the statements in Paragraph 1 of the Howard Declaration are OVERRULED.

Defendants' objections to the statements in Paragraph 2 of the Howard Declaration are OVERRULED.

## III. Reading Declaration

Defendants' objections to the statement "As national sales agent for Marilyn Wines, ABG is aware of Nova's exclusive license with Marilyn Monroe LLC ('Monroe Estate')." in Paragraph 2 of the Reading Declaration are SUSTAINED.

Defendants' objections to the sentence beginning "In fact, for the seventeen years . . ." in Paragraph 2 of the Reading Declaration are OVERRULED.

Defendants' objections to the sentence beginning "In July of this year . . ." in Paragraph 3 of the Reading Declaration are OVERRULED.

Defendants' objections to the sentence beginning "When I heard that Adler Fels . . ." in Paragraph 3 of the Reading Declaration are OVERRULED.

Defendants' objections to the sentence beginning "Based on Mr. Lindsay's comments . . ." in Paragraph 3 of the Reading Declaration are SUSTAINED.

Defendants' objections to the statements in Paragraph 4 of the Reading Declaration are SUSTAINED.

Defendants' objections to the statements in Paragraph 5 of the Reading Declaration are OVERRULED.

Defendants' objections to the statements in Paragraph 6 of the Reading Declaration are OVERRULED.

Defendants' objections to the statements in Paragraph 7 of the Reading Declaration are OVERRULED.

IV.   Strasberg Declaration

Defendants' objections to the statements in Paragraph 1 of the Strasberg Declaration are OVERRULED.

Defendants' objections to the statements in Paragraph 2 of the Strasberg Declaration are OVERRULED.

Defendants' objections to the statements in Paragraph 3 of the Strasberg Declaration are OVERRULED.

Defendants' objections to the statements in Paragraph 4 of the Strasberg Declaration are OVERRULED.

IT IS SO ORDERED.

Dated: Dec. 27, 2006

_____
MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

**ENDNOTES**