UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NOVA WINES, INC.,

    Plaintiff,

v.

ADLER FELS WINERY LLC, SAAL BROWN, INC. dba PACIFIC LICENSING, GARY SAAL, TOM KELLY STUDIOS, INC. and DOES 1 THROUGH 10,

    Defendants.

AND RELATED COUNTERCLAIMS.

No. C 06-6149 MHP

**MEMORANDUM & ORDER**
**Defendants' Motion for Stay of Remaining Claims and Seeking Clarification**

    On September 29, 2006, plaintiff Nova Wines, Inc. ("Nova" or "plaintiff") brought this action against defendants Adler Fels Winery LLC ("Adler Fels"), Saal Brown, Inc. dba Pacific Licensing ("Pacific Licensing"), Gary Saal ("Saal"), and Tom Kelly Studios, Inc. ("TKS") (collectively "defendants") asserting claims for trademark infringement, trade dress infringement, unfair competition and passing off. Now before the court is defendants' motion to stay plaintiff's remaining claims, and seeking clarification of this court's previous order compelling arbitration. Having considered the parties' arguments and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

    This action involves a dispute over the rights to use the name, image and likeness of Marilyn Monroe in connection with the sale of wine. Plaintiff filed its complaint on September 29, 2006. Defendants filed their answer and counterclaim on November 2, 2006. Defendants' counterclaim named Robert and Donna Holder (together, "the Holders"), Marilyn Monroe LLC ("MMLLC"), and

1  CMG Worldwide, Inc. ("CMG") as additional counterdefendants. A separate action involving
2  MMLLC, CMG and TKS is currently pending before Judge Morrow in the Central District of
3  California ("the Central District action"). That case is part of the consolidated action <u>Milton H.</u>
4  <u>Greene Archives, Inc. v. CMG Worldwide</u>, No. CV 05-2200 MMM (MCx). There, MMLLC and
5  CMG have asserted claims for infringement of certain trademark rights in the name and likeness of
6  Marilyn Monroe against TKS.

7  The underlying facts of this case are set forth in this court's previous Order on Plaintiff's
8  Motion for Preliminary Injunction, <u>Nova Wines, Inc. v. Adler Fels Winery LLC</u>, 467 F. Supp. 2d
9  965, 970–972 (N.D. Cal. 2004) (Patel, J.) (hereinafter <u>Nova I</u> or "Preliminary Injunction Order"). In
10 that order, the court granted plaintiff's motion for a preliminary injunction, finding that plaintiff had
11 shown a likelihood of success on its trade dress claim and that the balance of hardships favored
12 plaintiff. <u>Id.</u> at 984–985. Defendants have filed an interlocutory appeal of this order, which is
13 currently pending before the Ninth Circuit.

14 On January 8, 2007 plaintiff moved to compel arbitration and stay all ten of defendants'
15 counterclaims. At that time, defendants opposed plaintiff's motion as to Counterclaims V–X on two
16 grounds. Principally, defendants asserted that plaintiff lacked standing to bring a motion to stay
17 counterclaims brought against MMLLC. Docket Entry 56 at 7. Additionally, defendants cursorily
18 argued that the counterclaims differed from the claims pending in the Central District in that they
19 "focused on the fact that NOVA and the other third-party defendants are claiming trademark rights."
20 <u>Id.</u> On January 25, 2007 this court entered an order compelling arbitration and staying
21 Counterclaims I–IV. <u>Nova Wines, Inc. v. Adler Fels Winery LLC</u>, No. 06-06149 MHP, 2007 WL
22 216777 (N.D. Cal. Jan. 25, 2007) (Patel, J.) (hereinafter <u>Nova II</u>). The court held that, based on an
23 arbitration provision between Nova and TKS, Counterclaims I–IV should be pursued in the
24 arbitration proceeding already underway between Nova, TKS and Pacific Licensing. <u>Id.</u> In the
25 meantime, MMLLC had moved to stay Counterclaims V–X. The court therefore deferred ruling on
26 plaintiff's motion inasmuch as it pertained to those counterclaims.

27 In February 2007, TKS and Pacific Licensing filed their Second Amended Answering
28 Statement and Counter-claims in the arbitration, seeking to add the Holders as parties. Howard

2

Dec., Exh. B. The Holders objected to their inclusion as parties based on lack of jurisdiction. Howard Dec., Exh. C. On March 16, 2007 the Holders submitted a letter brief to the arbitrator seeking dismissal from the arbitration based on lack of jurisdiction. On April 12, 2007 the arbitrator issued a written opinion holding that this court had not intended to refer the claims against the Holders to arbitration, and that the claims against the Holders were not subject to arbitration because the Holders were not signatories to the arbitration agreement. Defs.' Exh. 1.

On March 2, 2007 this court entered an order granting MMLLC's motion and granting plaintiff's previous motion as it related to Counterclaims V–X, thereby staying those counterclaims with respect to all counterdefendants. Nova Wines, Inc. v. Adler Fels Winery LLC, No. 06-06149 MHP, 2007 WL 708556 (N.D. Cal. Mar. 2, 2007) (Patel, J.) (hereinafter Nova III). The court found that these counterclaims were either duplicative of affirmative claims brought by defendants in the separate Central District action, or might otherwise be resolved by a pending summary judgment motion in that action. Id. at *3–*4.

Defendants filed the instant motion on June 25, 2007. Defendants seek to stay plaintiff's remaining claims in this action pending a determination of MMLLC's alleged rights in the Central District action, and pending the outcome of defendants' appeal of the Preliminary Injunction Order. The motion also seeks clarification of this court's prior order compelling arbitration, specifically as to whether the counterclaims against the Holders as individuals are subject to arbitration.

On June 25, 2007, the day this motion was filed, the parties appeared for a status conference in this court. During that status conference, the parties and the court agreed to an additional order related to certain pending claims and counterclaims, as well as discovery related to those claims. On July 3, 2007 this court issued an order lifting the previous stay "as to the trademark infringement and trade dress infringement claims, together with all defenses and counterclaims related thereto." Docket Entry 101. The order left in place the stay of all other discovery. Id. Two days later, counsel for Nova and the Holders requested that defendants withdraw the instant motion as it pertained to a request for a stay in light of the July 3 Order. Defendants declined to do so. Howard Dec. ¶ 2.

3

1   On July 11, 2007, after the initial briefing on this motion had been completed but before
2   defendants filed their reply brief, Judge Morrow issued a summary judgment order in the Central
3   District action. Richardson Rep. Dec., Exh. A. Judge Morrow granted summary judgment in favor
4   of TKS on all of MMLLC and CMG's trademark infringement claims to the extent that they are
5   based on infringement of marks other than the mark consisting of Marilyn Monroe's stylized
6   signature. Id. at 19.

8   LEGAL STANDARD
9   A court may stay proceedings as part of its inherent power "to control the disposition of the
10  causes on its docket with economy of time and effort for itself, for counsel, and for litigants."
11  Landis v. North Am. Co., 299 U.S. 248, 254 (1936). The exercise of this power "calls for the
12  exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at
13  254–55. It is within a district court's discretion to grant or deny such a stay, and "[a] district court
14  abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous
15  assessment of the evidence." Lockyer v. Mirant Corp., 398 F.3d 1098, 1105 (9th Cir. 2005)
16  (internal quotations omitted).

18  DISCUSSION
19  I.      Motion for Stay
20  Defendants' argument in favor of staying plaintiff's claims proceeds from the premise that
21  "Nova's entire complaint is based on the foundational claim that it is the exclusive licensee of
22  Marilyn Monroe's right of publicity from MMLLC." Mot. at 3. This is a fundamental
23  misunderstanding of the nature of this action that defendants have clung to since the outset of these
24  proceedings despite attempts by this court to disabuse them of this notion. See Nova I, 467 F. Supp.
25  2d at 984 ("Given the fact that the instant action involves trademarks and trade dress, rather than the
26  right of publicity, the court is not persuaded of the relevance of defendants' argument. The court
27  therefore declines to wade into the murky waters surrounding the estate's purported rights of
28  publicity."). Defendants' assertion that the purported trademark and trade dress rights in this action

4

1   are wholly derivative of MMLLC's alleged rights of publicity in Marilyn Monroe is simply
2   incorrect. Publicity rights and trademark/trade dress rights are two different things, even if the
3   underlying subject matter is a single person. The loss of one set of rights does not necessarily
4   destroy the other.

5   Furthermore, plaintiff acknowledges that it is not pursuing any claims in this action based on
6   any alleged right of publicity. Opp. at 3. Accordingly, the instant motion can relate only to
7   plaintiff's trademark and trade dress claims, which, again, are independent of the publicity rights at
8   issue in the Central District action. To the extent that defendants seek to stay those claims on the
9   basis that they will be prejudiced by being unable to pursue their related counterclaims, these
10  concerns have been addressed by the July 3 Order. That order lifted any previous stay "as to the
11  trademark infringement and trade dress infringement claims, *together with all defenses and*
12  *counterclaims related thereto*." (emphasis added). Accordingly, no stay is warranted pending the
13  resolution of the Central District action.[1]

14  Defendants additionally seek a stay pending the resolution of the pending appeal of this
15  court's Preliminary Injunction Order. Defendants raise little argument in support of this suggestion
16  and the court sees no reason to stay the proceedings before this court pending the outcome of the
17  appeal. Defendants speculate that the Ninth Circuit *may* determine that plaintiffs own no protectable
18  trademark or trade dress interests in the name and likeness of Marilyn Monroe in connection with
19  the sale of wine. However, a preliminary injunction is not a determination of the merits of a case. If
20  the Ninth Circuit reverses this court's preliminary injunction order, they can do so without reaching
21  the issue of whether a protectable interest exists. Accordingly, the litigation before this court will
22  likely proceed whether or not the Ninth Circuit affirms the Preliminary Injunction Order. Staying
23  plaintiff's claims in the meantime would only create needless delay.

24  Accordingly, plaintiff's motion for stay is denied.

25

26  II.  Request for Clarification

27  In addition to their motion for stay, plaintiffs request a clarification of this court's previous
28  order compelling arbitration of defendants' Counterclaims I–IV in light of the arbitration agreement

5

between TKS and Nova. The sole issue is whether the Holders as individuals are subject to the arbitration clause, or whether the arbitration clause is binding on Nova only. This issue was not squarely presented to or considered by this court in plaintiffs' previous motion to compel arbitration, and therefore the order on that motion is ambiguous. The record indicates, however, that the arbitration agreement at issue was one between Nova and TKS, and that the court ordered defendants' counterclaims to be arbitrated in the ongoing arbitration between Nova, TKS and Pacific Licensing. Nova II, 2007 WL 216777 at *1.

Defendants nonetheless claim, based on plaintiff's pleadings and the Nova II order, that Nova and the Holders intended for the counterclaims against the Holders to be arbitrated, and that this court ordered arbitration of these counterclaims. Defendants cite the fact that the motion to compel arbitration and stay counterclaims was brought collectively by Nova and the Holders. However, as the motion sought multiple forms of relief, including a stay of all counterclaims against the Holders, the fact that the motion was a joint pleading does not necessarily indicate that the Holders intended to subject themselves to arbitration. Regarding the language of the court's order, defendants do not cite the specific holdings of the court, instead quoting the introductory observation that "Nova and the Holders now move to compel arbitration *and stay defendants' counterclaims*" (emphasis added). Again, the fact that plaintiff and the Holders sought multiple forms of relief leaves open the possibility that the Holders intended only that the counterclaims against them be stayed, rather than stayed and arbitrated.

Plaintiff, meanwhile, cites language in its memorandum of points and authorities in support of its previous motion, stating that Nova and the Holders were moving "for an order staying defendants' counterclaims, and compelling arbitration of all counterclaims properly brought against Nova." Docket Entry 49 at 1. As defendants cite no language from any pleading or previous order specifically requesting that counterclaims against the Holders be arbitrated, this evidence cited by plaintiff is persuasive to the contrary.

Ultimately, the question as to whether the claims against the Holders are subject to arbitration turns on the legal question of the arbitrator's jurisdiction. The arbitrator has already determined that he lacks jurisdiction over the claims at issue, and defendants raise no legal

6

1  arguments to the contrary.  The arbitrator was entitled to make this determination.  AAA
2  Commercial Arbitration Rule R-7(a) ("The arbitrator shall have the power to rule on his or her own
3  jurisdiction, including any objections with respect to the existence, scope or validity of the
4  arbitration agreement.").  Defendants offer no legal justification for reversing the arbitrator's
5  determination.

6        Furthermore, as a practical matter, the court sees no reason to compel arbitration against the
7  Holders.  Defendants claim that the salient facts related only to their claims against Nova.  Mot. at 8
8  n.4.  Plaintiffs, however, claim that discovery would be necessary if they were added to the
9  arbitration proceeding at this point.  Significantly, the arbitrator dismissed the Holders from the
10 proceedings in April, and defendants did not bring this motion until two months later.  Discovery in
11 the arbitration proceeding is set to close before the instant motion may be heard.  If the Holders are
12 correct and additional discovery is necessary, compelling arbitration at this point would be
13 manifestly prejudicial.  If, however, defendants are correct and the Holders' liability will be
14 determined entirely by the facts already before the arbitrator, then the Holders' liability is a purely
15 legal question that can be efficiently resolved by this court following the arbitration.  Accordingly,
16 the most efficient and equitable result is to compel arbitration only of the counterclaims against
17 Nova, and stay the counterclaims against the Holders pending the resolution of the arbitration.

19 CONCLUSION
20       For the reasons stated above, the court rules as follows.
21       Defendants' motion for stay of remaining claims is DENIED subject to the July 3 Order.
22       Defendants' counterclaims against Nova shall proceed in arbitration.  Defendants'
23 counterclaims against the Holders are STAYED pending the resolution of the arbitration.
24       IT IS SO ORDERED.

26 Dated: August 29, 2007

27                                             MARILYN HALL PATEL
                                              United States District Court Judge
28                                               Northern District of California

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

**ENDNOTES**

1. In light of Judge Morrow's recent ruling in the Central District action regarding the trademark claims brought by MMLLC and CMG, defendants further argue that plaintiffs' trademark claims should be stayed because they have allegedly been disposed of in the Central District action. If defendants believe this to be the case, the proper course of action is to bring a motion for summary judgment before this court so that the court may determine whether plaintiffs' trademark claims remain viable in light of Judge Morrow's order. This argument does not warrant staying the claims.